```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALBERT COPPEDGE,

                Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           21-CV-7220(JS)(ARL)

RUTHIE ELIS, JUDGE SALADINO,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Albert Coppedge, pro se
                    215953
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York  11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Before the Court is the application to proceed in forma pauperis ("IFP") (ECF No. 6) filed by incarcerated pro se plaintiff Albert Coppedge ("Plaintiff") in connection with his Complaint[1] against Ruthie Elis ("Elis") and Judge Saladino (together, "Defendants"). For the reasons that follow, Plaintiff's IFP application is GRANTED; however, the Complaint is DISMISSED

---

[1] On July 6, 2021, the Court opened this case based upon Plaintiff's June 28, 2021 letter ("Letter"), which the Court liberally construed as Plaintiff's Complaint. (See Compl., ECF No. 1; see also infra, BACKGROUND, Part I: Procedural History.) On January 11, 2022, Plaintiff filed an "Averment", which the Court liberally construed as supplementing Plaintiff's Letter. (See Supplement, ECF No. 5.) For purposes of this Memorandum and Order, the Court considers the Letter and Averment together, and references to them, singularly, as the "Complaint".

pursuant to 28 U.S.C. §§ 1915, 1915A.

## BACKGROUND

I. Procedural History

Prior to commencing this action, on August 19, 2021, Plaintiff filed another IFP complaint in this Court against different defendants, pursuant to 42 U.S.C. § 1983. See Coppedge v. New York State, et al., No. 21-CV-4718(JS)(AYS), Compl., ECF No. 1 (E.D.N.Y. Aug. 19, 2021) (hereafter, the "August 2021 Action"). That case was dismissed on January 6, 2022. See August 2021 Action, Mem. & Order, ECF No. 10 (E.D.N.Y. Jan. 6, 2022) (dismissing case pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A). Of relevance here, in the August 2021 Action, Plaintiff referenced another case allegedly pending in this District against "Ruthie Elis and Judge Saladino" that was purportedly filed on July 6, 2021. See August 2021 Action, Compl., at 1. Although Plaintiff attached a letter to his complaint in that Action which appeared to refer to the purported separate action against Elis and Judge Saladino (hereafter, the "Letter"), see id. at 6, a search of the Court's filing system did not yield any evidence of this separate action. However, in light of Plaintiff's pro se status, the Court construed the Letter as Plaintiff's Complaint for a separate action against Elis and Judge Saladino and directed the Clerk of Court to assign it a separate docket number. That separate action is the current one, Case No. 21-CV-7220, currently before the Court.

2

After the current action was opened and assigned its own case docket number, the Court sent Plaintiff a Notice of Deficiency ("Notice") on January 7, 2022, since he had not paid the filing fee or filed an IFP application. (See Notice, ECF No. 2.) On January 11, 2022, Plaintiff filed a three-page "Averment" that, as noted, is being liberally construed as supplementing the Complaint. (See ECF No. 5). Thereafter, on January 18, 2022, Plaintiff timely filed an IFP application and the required Prisoner Litigation authorization form ("PLRA") (See ECF Nos. 6, 7, respectively.)

II. The Complaint[2]

Plaintiff's Complaint is difficult to comprehend. The single-page, handwritten letter begins with a statement that this is a tort civil rights suit brought pursuant to "1984", which the Court understands to be 42 U.S.C. § 1983 ("Section 1983"). (ECF 1 at 1.) Plaintiff next alleges that this "is a tort claim pursuant to 28 U.S.C. § 1346(b)" that seeks to "immediately bar[]" Elis from "further defam[ing] my character via social media which has been done on Facebook." (Id.) Plaintiff references a pending case involving Elis's deceased brother that apparently was assigned to Judge Saladino and who is alleged to have committed

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

3

"negligence to enforce the gag rule." (Id.) Accordingly, Plaintiff seeks to recover a $6 million damages award against the Defendants "for failure to uphold the Fourth Amendments of the Constitution and 1984 et al." (Id.)

As noted, on January 5, 2022, Plaintiff filed an Averment, which is a three-page handwritten document and which the Court liberally construes as supplementing the Complaint. (ECF No. 5.) In the Averment, Plaintiff alleges that Elis is a resident of Bellport and that this is a tort action to:

> secure a Lien(s) on the Property & Account of mrs ruthie Elis, and the honorable Judge Saladino of the Central Islip Article one (1) District Court. The latter has acted under the color of Law, 202 N.W. 144, 148 in violation of 18 U.S. Code § 242, and the former in violation of 18 U.S. Code § 241.
>
> By sui juris, Propria Persona, 209 F. 749, 754; 104 N.Y.S.501, 511. I am Barring the ability of mrs ruthie Elis To Further defamate my character, via Social media which has been done on Facebook in the second week oF december oF 2020. This happened in a time, while a Case Pending which involved her decedent Brother.
>
> Due to Judge Saladino's negligence, in violation of the u.s. constitution's 4th Amendment, mrs Elis removed child support inFormation oF oF my unsecured property, Left that way under the Fiduciary management of said Judge.
>
> On 07/28/2021 seven months aFter Being incarcerated, I was reported along with my sons mother for maltreatment and child abuse, which was unFounded. See: Department oF Social Services Case ID: 27820741. etc. Sept

4

>   22, 2021.
>
>   (All rights reserved pursuant to ucc 1-308)
>
>   In conjunction to the above, I the Petition of suit is the individual securing the charge, hold, claim, or Encumbrance upon the account, and Property of mrs ruthie Elis, and Judge Saladino in the township oF Islip, county oF SuFFolk, New York.
>
>   For some debt or charge, 227 A.2d 425, 426. 429 S.W.2d 381-382, 170 S.W. 86, 89.
>
>   By the judge's negligence to Enforce, the Gag order, 397 U.S. 337, this negligence would prevent the Alleged deFendant, the Security oF, and to a Fair and Impartial Jury, and trial under the state oF New York.  This neglect would Push any grand jury Proceeding, to a predetermined Bias/or prejudice.
>
>   Upon damage's and penalty exacted For The Failure to exercise common Prudence, common Skill, and caution In the PerFormance oF a Fiduciarys duties.  26 A.2d 320. 148 P.2d 1004.  Surcharged by the pLaintiFF, demanding $6,000,000 U.S.D. For Failure to uphold the 4th and 6th Amendment oF the U.S. Const.  The Actions of mrs Elis has now stamped public opinion, qualiFying, by law, such Liens.

(Id. at 1-3.)

## DISCUSSION

I.  Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's IFP application is GRANTED.

5

II. <u>Relevant Legal Standards</u>

    A. <u>Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A</u>

Section 1915 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, <u>inter alia</u>, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> 28 U.S.C. § 1915A; <u>Avant v. Miranda</u>, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally and to interpret them to raise the "strongest [claims] that they <u>suggest</u>." <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). "But the 'special solicitude' in <u>pro se</u> cases has its limits -- to state a claim, <u>pro se</u> pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure,

6

which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475).

B.  Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure also requires that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Indeed, pleadings must give "'fair notice of what the plaintiff's claim is and the grounds upon which it rests'" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 335 U.S. 41, 47 (1957), overruled in part on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

Under Rule 8, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "detailed factual allegations" are not required, "[a]

7

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 557). Further, a pleading that only "tenders naked assertion[s] devoid of further factual enhancement" will not suffice. Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). And a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988); Tawfik v. Georgatos, No. 20-CV-5832, 2021 WL 2953227, at *2 (E.D.N.Y. July 14, 2021) (Seybert, J.).

    C.    Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2

8

(E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

III. Application of 28 U.S.C. §§ 1915, 1915A

Applying these standards to Plaintiff's Complaint, even with the special solicitude afforded to pro se pleadings, it is readily apparent that Plaintiff's claims must be dismissed.

First, to the extent Plaintiff asserts a Section 1983 claim against Elis, he has not included any allegations upon which the Court could reasonably find she is a state actor. Nor, despite his bald allegation of the purported failure to uphold the Fourth and Sixth Amendments, has Plaintiff alleged any facts demonstrating that Elis deprived Plaintiff of a constitutional right. Rather, in the absence of such essential allegations, which Plaintiff's vague and nonsensical allegations do not cure, there is no factual content which would allow this Court to draw the reasonable inference that Elis is liable for the Section 1983 violation alleged; therefore, any such claim is DISMISSED.

Second, Plaintiff's Section 1983 claim for damages against Judge Saladino, a state actor sued in his official capacity, is barred by the Eleventh Amendment. See Hardy-Graham v. Southampton Just. Ct., No. 20-CV-0981(JS)(SIL), 2021 WL 260102, at *5 (E.D.N.Y. Jan. 25, 2021) (citing London v. Nassau County Dist. Attorney's Office, No. 20-CV-3988, 2020 WL 7699644, at *7 (E.D.N.Y. Dec. 28, 2020) ("Eleventh Amendment immunity bars

9

Plaintiff's claims for damages against the State of New York and the individual state Defendants in their official capacities)). Moreover, Judge Saladino is absolutely immune from suit. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citations omitted). This immunity is "from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted). Here, Plaintiff alleges only that Judge Saladino declined to enforce a gag order. Yet, there can be no dispute that enforcement of judicial orders during a court proceeding is a purely judicial function. Accordingly, Plaintiff's Section 1983 claim against Judge Saladino is also barred by absolute judicial immunity compelling its DISMISSAL pursuant to 28 U.S.C. § 1915(e)(2)(B). See also Mills v. Fischer, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

Third, to the extent Plaintiff asserts claims pursuant to 18 U.S.C. §§ 241, 242, or 28 U.S.C. § 1346(b), such claims are implausible because the cited sections of Title 18 are criminal statutes with no private right of action and § 1346(b) applies only where the United States is a defendant. See Hill v. Didio, 191 F. App'x 13, 14 (2d Cir. 2006) (summary order) (no private right of action for 18 U.S.C. §§ 241, 242); Herbin v. Roman, No.

10

21-CV-2740 (LTS), 2021 WL 1634409, at *4 n.2 (S.D.N.Y. Apr. 26, 2021) ("The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment.  See 28 U.S.C. § 1346(b)(1).").

Fourth, to the extent any state law claims remain, e.g., tort claims, including negligence, the Court declines to exercise supplemental jurisdiction over those claims.  Federal courts "have supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Stated differently, "[t]he state and federal claims must derive from a common nucleus of operative fact."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  In deciding whether to exercise supplemental jurisdiction, a district court should balance the "values of judicial economy, convenience, fairness, and comity."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  Delaney v. Bank of America Corp., 766 F.3d 163, 170 (2d Cir. 2014).  Here, having dismissed Plaintiff's federal claims, the Court finds the factors of economy, convenience, fairness, and

11

comity do not support the exercise of supplemental jurisdiction over any remaining state law claims.  Hence, such claims are DISMISSED without prejudice.

IV.  Leave to Amend

District courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  See Hill v. Curcione, 657 F.3d 116, 123-24 (2d Cir. 2011); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 6) is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

(1) Enter judgment accordingly;

(2) Close this case; and

(3) Mail a copy of this Memorandum & Order to Plaintiff at his address of record, including the notation "Legal Mail" on the mailing envelope.

                                                   **SO ORDERED.**

                                                   /s/JOANNA SEYBERT
                                                   Joanna Seybert, U.S.D.J.

Dated: March  31 , 2022
       Central Islip, New York